UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>FLOOR OFFICER JOHN DOE 1, et al.,<br><br>Defendants. | No. 2:24-cv-01681-EFB (PC)<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, he has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The court will grant the in forma pauperis application and screen the complaint.

<u>Leave to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

////

////

1

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

////

<u>Screening Order</u>

Plaintiff alleges that, on September 3, 2023, he slipped on a puddle caused by a roof leak while housed at High Desert State Prison ("HDSP"). ECF No. 1 at 7. "Correctional officers" had known of the leak for a year but the roof had not been fixed, nor had any signs been placed warning of the hazard. *Id.* Plaintiff fell and suffered visible injuries. *Id.* He was taken to Banner Lassen Medical Center, but the nurses and doctor there refused to treat him. *Id.* at 8. They should have known that plaintiff, a person with adrenal insufficiency, does not take trauma well. *Id.* But they made plaintiff wait outside, gave him no test, and provided only a shot of Toradol before releasing plaintiff. *Id.* Plaintiff was ill for the following 20 days, when he was returned to the hospital with an adrenal crisis and hospitalized for a week. *Id.* He sues five unidentified correctional staff for violating his Eighth Amendment rights and committing gross negligence in connection with his fall and one unidentified doctor at Banner Lassen for violating his Eighth Amendment rights and discriminating against him in connection with his treatment.

Plaintiff has not stated a cognizable Eighth Amendment claim against correctional staff at HDSP (John Doe Nos. 1-5). In the Ninth Circuit, slip-and-fall incidents in prisons generally fail to state cognizable constitutional claims. *Julian v. Valley State Prison*, No. 1:23-cv-00013-SAB (PC), 2023 U.S. Dist. LEXIS 85043, *5 (E.D. Cal. May 15, 2023). A slip-and-fall incident may give rise to a cognizable claim only if accompanied by exacerbating conditions—conditions that pose a serious, unavoidable threat to the plaintiff's safety. *Id.* Thus, courts routinely dismiss slip-and-fall cases brought by prisoners as alleging mere negligence, even where defendants knew of and failed to remedy a hazardous condition on the floor. *Collier v. Garcia*, No. 17-CV-05841 LHK (PR), 2018 U.S. Dist. LEXIS 16909, at *3 (N.D. Cal. Jan. 31, 2018) (collecting cases). *See generally, Murguia v. Langdon*, 61 F.4th 1096, 1111 (9th Cir. 2023) ("Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. This standard is higher than gross negligence and requires a culpable mental state.") (internal citations and quotation marks omitted). Plaintiff has not alleged exacerbating conditions that would show deliberate indifference on the part of correctional staff, rather than gross negligence.

Plaintiff has also failed to state a cognizable state-law negligence claim, because the complaint does not allege that plaintiff complied with California's Tort Claims Act, which requires that any state tort claims against a public entity or its employees be presented to the state Victim Compensation and Government Claims Board within six months of the accrual of the cause of action. *California v. Super. Ct. (Bodde)*, 32 Cal.4th 1234, 1245 (2004); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).

Plaintiff's claim for discrimination against his treating physician at Banner Lassen (John Doe No. 6) is also not cognizable as currently plead. The Fourteenth Amendment's Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To state an equal protection claim that is not based on membership in one of certain protected classes (e.g., race, sex), a plaintiff must allege that similarly situated individuals were intentionally treated differently without a rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Such claims are often referred to as "class of one" equal protection claims. *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 601-02 (2008) (exempting certain discretionary government decisions from "class of one" equal protection challenges). (Plaintiff does not allege that he was intentionally discriminated against based on his membership in a protected class, a different type of equal protection claim. *See City of Cleburne*, 473 U.S. at 440-41. The complaint lacks facts alleging that the John Doe No. 6 lacked a rational basis for having plaintiff wait outside or for his or her treatment decisions.

Plaintiff has stated a potentially cognizable Eighth Amendment claim against John Doe No. 6 for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). To succeed on an Eighth Amendment claim predicated on indifference to medical needs, a plaintiff must establish that: (1) he had a serious medical need and (2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the

1  failure to treat the condition could result in further significant injury or the unnecessary and
2  wanton infliction of pain. *Jett*, 439 F.3d at 1096. To act with deliberate indifference, a prison
3  official must both be aware of facts from which the inference could be drawn that a substantial
4  risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S.
5  825, 837 (1994).

6  Thus, a defendant will be liable for violating the Eighth Amendment if he knows that
7  plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take
8  reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act
9  despite his knowledge of a substantial risk of serious harm." *Id*. at 842. Plaintiff has sufficiently
10 alleged that he suffered from a serious medical need (adrenal insufficiency with trauma) and that
11 John Doe No. 6 was deliberately indifferent to that need. *See West v. Atkins*, 487 U.S. 42, 54-58
12 (1988) (finding that an outside doctor is a state actor under 42 U.S.C. § 1983 where the doctor is
13 employed by the state - whether on payroll or via contract - to treat an inmate); *Rawson v.*
14 *Recovery Innovations, Inc*., 975 F.3d 742 (9th Cir. 2020).

15 However, "pursuant to Fed. R. Civ. P. 10, a caption to a complaint must include the names
16 of all parties." *Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 U.S. Dist. LEXIS 46601,
17 2011 WL 1597686, at *3 (D. Colo. Apr. 27, 2011), aff'd, 456 F. App'x 718 (10th Cir. 2012). The
18 Federal Rules of Civil Procedure "do not explicitly allow the naming of fictitious or anonymous
19 parties in a lawsuit," thus, "an action may be dismissed if the defendant is not sufficiently
20 identified to permit service of process." *Id*. (quotation omitted).

21 Plaintiff must use administrative processes available at his institution to obtain the name
22 of John Doe No. 6 (and any other defendant he wishes to include in an amended complaint). The
23 court cannot order service on an unknown party. Accordingly, the court will dismiss plaintiff's
24 complaint with leave to file an amended complaint identifying at least one defendant. If plaintiff
25 cannot determine the identity of any defendant, he must inform the court of what efforts he has
26 undertaken to do so.
27 ////
28 ////

<u>Leave to Amend</u>

Plaintiff may choose to amend his complaint to correct the deficiencies identified above. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 5) is GRANTED.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days

of service of this order.  If plaintiff cannot determine the identity of any defendant within that time period, he must file with the court a notice describing the efforts he has made to do so, also within 30 days of service of this order.

        4.      Failure to comply with this order may result in dismissal of this action.

Dated: May 12, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE